UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DUSTIN W., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C22-5257-SKV <br><br> ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1987, has a high school diploma, and has worked for a few months bagging fertilizer, removing freight from trucks, and as a hardware store sales associate. AR 125-26, 286. Plaintiff was last gainfully employed in 2006. AR 1605.

In April 2018, Plaintiff applied for benefits, with an amended alleged onset date of April 6, 2018. AR 267-72, 1430, 1627. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. AR 205-08, 212-17. After the ALJ conducted

a hearing in June 2019 (AR 114-65), the ALJ issued a decision finding Plaintiff not disabled. AR 33-53.

The Appeals Council denied Plaintiff's request for review (AR 1-7), but the U.S. District Court for the Western District of Washington granted the parties' stipulation to reverse the ALJ's decision and remand the case for further administrative proceedings. AR 1697-98. On remand, the ALJ held a hearing in December 2021 (AR 1602-28), and subsequently issued a decision finding Plaintiff not disabled. AR 1430-52.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since the application date.

**Step two**: Plaintiff's obesity, post-traumatic stress disorder, panic disorder/anxiety disorder, bipolar/schizoaffective disorder, personality disorder, diabetes, nicotine dependence/smoking, sleep apnea, and epilepsy/seizures are severe impairments.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**: Plaintiff can perform light work with additional limitations: he can lift/carry/push/pull 20 pounds occasionally and 10 pounds frequently. He can sit, stand, and walk for six hours each. He can frequently handle, finger, and feel items with his right hand. He can climb ramps and stairs occasionally, but cannot climb ladders, ropes, or scaffolds. He cannot work at unprotected heights, around moving mechanical parts, or in open water. He can perform simple, routine, and repetitive tasks, but not at a production-rate pace (e.g., assembly line work). He can have occasional superficial interactions (meaning short, simple conversations and directions) with supervisors and co-workers. He cannot interact with the public.

**Step four**: Plaintiff has no past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

AR 1430-52.

Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 4.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination."  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla.  It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred in discounting his allegations and the lay statements, and in assessing certain medical opinions.  The Commissioner argues the ALJ's decision is free of

harmful legal error, supported by substantial evidence, and should be affirmed.

## A. The ALJ Did Not Harmfully Err in Discounting Plaintiff's Testimony or the Lay Statements

An ALJ is required to provide clear and convincing reasons to discount a claimant's testimony unless the record contains evidence of malingering. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). The ALJ noted that the record contains evidence of Plaintiff's malingering, specifically multiple diagnoses of malingering and other evidence describing a history of malingering or a suspicion of malingering. AR 1443 (citing AR 446, 449, 453-54, 1134). In light of this evidence, the ALJ was not required to provide reasons to discount Plaintiff's testimony, yet the ALJ did identify additional reasons to do so: (1) Plaintiff's symptoms improved with treatment, (2) the objective evidence does not corroborate Plaintiff's allegations, and (3) Plaintiff's daily activities indicate that he is less limited than alleged. AR 1442-45.

Although Plaintiff challenges the sufficiency of the ALJ's reliance on improvement and daily activities as reasons to discount his testimony, he fails to acknowledge the ALJ's reasoning regarding malingering. *See* Dkt. 12 at 16-17. Under these circumstances, where the record contains undisputed evidence of malingering, the ALJ was not required to provide any reasons to discount Plaintiff's allegations. Therefore, Plaintiff provides no basis for the Court to conclude that the ALJ erred in assessing his testimony.

The ALJ also noted that Plaintiff's mother, Tammy Carlson, affirmed Plaintiff's allegations in her statements. AR 1450-51 (citing AR 292-301, 1898-1907). The ALJ found that Ms. Carlson's statements were inconsistent with the medical record, and this finding is supported by substantial evidence, particularly as to the physical limitations Ms. Carlson describes. For example, Ms. Carlson attributed some of Plaintiff's limitations to his seizures (AR 292-301,

1906-07), but the ALJ found that the evidence demonstrated that Plaintiff's seizures improved with medication. *See* AR 1442-43. Because the ALJ reasonably found that the medical evidence was inconsistent with Ms. Carlson's statements, Plaintiff has not shown that the ALJ erred in assessing Ms. Carlson's statements.

      **B.**      **The ALJ Erred in Assessing Some of the Medical Opinion Evidence**

Plaintiff argues that the ALJ erred in assessing or failing to assess certain medical opinions, and the Court will address each disputed opinion in turn.

      *1.*      *Legal Standards*

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

      *2.*      *Opinions of Terilee Wingate, Ph.D.; Jordan Wilson, PA-C; and Janis Lewis, Ph.D.*

Dr. Wingate (examining psychologist), Mr. Wilson (treating physician's assistant), and Dr. Lewis (non-examining psychologist) opined that Plaintiff's symptoms, namely hallucinations, caused disabling mental limitations. *See* AR 495-97, 2320, 2950-51, 2955-57. The ALJ found all of these opinions unpersuasive for the same reasons: because the opinions were inconsistent with the longitudinal record showing that Plaintiff's symptoms improved when he complied with treatment, many of Plaintiff's mental status examination findings were normal, and Plaintiff retained the ability to engage in "robust" activities. AR 1445-46, 1448.

The ALJ's consistency finding is not supported by substantial evidence. The treatment record indicates that Plaintiff's mental symptoms fluctuated, and did not improve on a sustained

basis.  Plaintiff reported improvement for a month or two, but would report increased symptoms soon thereafter.  *See, e.g.*, AR 1100-02 (Plaintiff attempted suicide in February 2019), 1108 (Plaintiff reported wanting to work in January 2019), 1220 (Plaintiff reports improvement in February 2019, days before his suicide attempt), 1414 (Plaintiff reports feeling "really good" in May 2019, but still hallucinates), 1416 (Plaintiff reports feeling "really good" and talking to new people in May 2019, but still hallucinates), 1420 (Plaintiff reports improvement after a trip with his grandma in March 2019), 2615 (Plaintiff reports an increase in symptoms in November 2019 after his home burned down, and requests medication increase), 2639 (Plaintiff reports noticeable increase in hallucinations in April 2020, and he has been ripping off his toenails in response), 2722-23 (Plaintiff reports improvement in hallucinations in June 2020, but his speech is slurred), 2735 (Plaintiff reports decreasing self-harm in April 2020), 2756 (Plaintiff rates hallucinations at 8/10 in February 2021 and agrees to try new medication), 2782-84 (Plaintiff reports increased hallucinations and suicidal ideation/self-harm in January 2021), 2790 (Plaintiff reports increased symptoms and medication compliance "for the most part" in December 2020).  Furthermore, Plaintiff continued to report hallucinations even when other symptoms improved, as the ALJ acknowledged.  *See* AR 1446.  Plaintiff attempted suicide during the adjudicated period, in February 2019, although he was compliant with his medication regimen at that time.  *See* AR 1100-03.

     Dr. Wingate, Mr. Wilson, and Dr. Lewis opined that Plaintiff's hallucinations contributed to disabling limitations as to absenteeism, persistence, and concentration (AR 495-97, 2320, 2950-51, 2955-57), and although the ALJ acknowledged that Plaintiff continued to report hallucinations (AR 1446), the ALJ did not explain why those hallucinations would not be as limiting as the psychologists opined they would be.  Neither normal findings in other areas of

mental functioning, nor Plaintiff's ability to interact with his family, listen to music, use the Internet, and research car parts, contradict the psychologists' opinions that Plaintiff's hallucinations would cause disabling limitations. Thus, to the extent that the ALJ found the opinions of Dr. Wingate, Mr. Jordan, and Dr. Lewis inconsistent with the record and therefore unpersuasive, the ALJ's reasoning is not supported by substantial evidence.

        3.     *Letter of Sarah Landrum, M.D.*

Dr. Landrum, Plaintiff's primary care physician, wrote a letter in January 2020 opining that Plaintiff cannot "care for himself independently or support himself financially." AR 22. The ALJ did not discuss this letter, and Plaintiff contends that this was harmful error.

Because Dr. Landrum's letter does not describe Plaintiff's workplace functional limitations, however, it does not constitute a medical opinion under the applicable regulations. *See* 20 C.F.R. 404.1513(a)(2). The ALJ was not required to assess its persuasiveness and Plaintiff has not shown that any authority requires the ALJ to explicitly discuss it. *See* Dkt. 12 at 14. Accordingly, the Court finds no error in the ALJ's failure to explicitly discuss Dr. Landrum's letter.

        4.     *Opinion of Dave Little, D.O.*

Dr. Little performed a physical evaluation of Plaintiff in 2008 and opined that he could perform sedentary work due to his seizures and other conditions. AR 1088-96. The ALJ found this opinion unpersuasive because, *inter alia*, Dr. Little examined Plaintiff 10 years before the amended alleged onset date. AR 1447. Plaintiff contends that the evidence dating to the adjudicated period is nonetheless consistent with Dr. Little's opinion (Dkt. 12 at 13), but the ALJ cited evidence showing that Plaintiff's seizures improved with medication. *See* AR 1437. Because Dr. Little's opinion was not informed by the records dating to the adjudicated period,

which demonstrated improvement in Plaintiff's seizures, the ALJ reasonably found that Dr. Little's opinion was not persuasive.

### C. The Court Remands This Case for Further Administrative Proceedings

For the reasons explained herein, the Court agrees with Plaintiff that the ALJ's decision contains reversible error. Although Plaintiff requests that the ALJ's errors should result in a remand for a finding of disability (Dkt. 12 at 18), Plaintiff makes no attempt to show that this extraordinary remedy would be appropriate here. *See Leon v. Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule."). Particularly in light of the evidence of Plaintiff's malingering in the record, the Court finds that a remand for a finding of disability is inappropriate. *See Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) ("The ALJ's well-supported credibility concerns raise additional factual issues that require resolution."). Thus, the Court exercises its discretion to remand this case for further administrative proceedings.

### CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider the opinions of Dr. Wingate, Mr. Wilson, and Dr. Lewis, and any other parts of the decision as necessary in light of the updated record on remand.

Dated this 12th day of October, 2022.

S. KATE VAUGHAN
United States Magistrate Judge